UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLIG and CYNTHIA FRENCH,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>EXIQON, INC.,<br>and DOES 1 to 50<br><br>　　　　　Defendant. | Case No. SACV 11-0399 DOC (RNBx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

WHEREAS, each of the parties to the above-captioned action, Plaintiffs Mark Willig and Cynthia French (collectively, "Plaintiffs") and Defendant Exiqon, Inc. ("Defendant"), may produce or seek discovery of documents, information or other Materials that may contain or relate to personal, confidential, proprietary or trade secret information of another party or a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1. This Protective Order shall govern the production, use and handling of confidential documents and information produced by any party in any form in this litigation, including in disclosures pursuant to Federal Rule of Civil Procedure 26, responses to written discovery, and deposition testimony (collectively "Material"). All Material subject to this Protective Order shall be used solely for the prosecution and/or defense of this action and shall not be used by any other party, other than the party that produced it, in any other litigation, for business, for competitive purposes, or for any other purpose whatsoever.

2. The following classifications shall apply:

(a) "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, disclosures pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery in this Action ("Discovery Material"), which contains information that is non-public and confidential or proprietary, whether personal or business-related; such as personal employment records, personal medical records, and personal data such as personal bank account numbers and social security numbers, as well as information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party"), such as

1
**PROTECTIVE ORDER**

Order.DOC

non-public customer lists, bank account statements, past sales data, past product development, past business/strategic plans, past sales/financial projections, past marketing plans, and non-public contracts. To the extent that any documents or information disclosed in this matter originates from systems maintained in Denmark, "Confidential Information" shall also mean and include any Discovery Material that constitutes "personal data", as defined in The Act on Processing of Personal Data (the "PPD"). Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Confidential Attorneys' Eyes Only Information";

        (b)    The "Confidential Attorneys' Eyes Only Information" designation shall be reserved for Confidential Information relating to pending patent applications, products currently in development and not yet commercially released, current business/strategic plans, future sales/financial projections, future marketing plans, recent detailed sales and financial data, or other highly sensitive or proprietary competitive or financial information; All such Confidential Information or Confidential Attorneys' Eyes Only Information designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tendered to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Protective Order. Designations of Confidential Information and Confidential Attorneys' Eyes Only Information shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

3.   The designation of Discovery Material as Confidential Information or Confidential Attorneys' Eyes Only Information shall be made by the Designating Party in the following manner:

   (a)   Each party shall designate Material as Confidential Information by placing a "CONFIDENTIAL" stamp on each page so designated, for each document or information that, in good faith, the party believes constitutes Confidential Information. Any testimony designated as "CONFIDENTIAL" shall be so designated by a Party at the time of said deposition or within seven (7) days of receipt of the deposition transcript, whichever is later. Documents and written discovery responses shall be designated as "CONFIDENTIAL" at the time of production.

   (b)   Each party shall designate Material as Confidential Attorneys' Eyes Only Information by placing a "CONFIDENTIAL ATTORNEYS' EYES ONLY" stamp on each page so designated, for each document or information that, in good faith, the party believes constitutes Confidential Attorneys' Eyes Only Information. Any testimony designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be so designated by a Party at the time of said deposition or within seven (7) days of receipt of the deposition transcript, whichever is later. Documents and written discovery responses shall be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" at the time of production.

4.   Notwithstanding any other terms of this Protective Order, a Party may not designate Material produced by another Party.

5.   Confidential Information shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraphs 6 and 9 below, without the advance written authorization of the party that produced it.

6.   Confidential Information may only be disclosed to the following:

(a) To the Court and court personnel, subject to paragraph 9 below. The Court and court personnel are not required to sign a confidentiality agreement or written acknowledgement of this Protective Order;

(b) The attorneys of record for the parties to this litigation, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation or the related litigation;

(c) Experts retained or consulted by any party or their counsel as required to assist in the conduct of this litigation, to the extent that counsel of record determines that disclosure is necessary for the prosecution or defense of this litigation, provided that prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms;

(d) The parties to this litigation, to the extent that their respective counsel determines that such disclosure is necessary for the prosecution or defense of this litigation;

(e) Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party's counsel to assist such counsel in connection with this litigation; and

(f) Authors, addressees or recipients of the Confidential Information.

7. Confidential Attorneys' Eyes Only Information shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraphs 8 and 9 below, without the advance written authorization of the party that produced it.

8. Confidential Attorneys' Eyes Only Information shall be disclosed solely to:

(a) To the Court and court personnel, subject to paragraph 9 below. The Court and court personnel are not required to sign a confidentiality agreement or written acknowledgement of this Protective Order;

(b) The attorneys of record for the parties to this litigation, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation or the related litigation;

(c) To the Party who produced it, to the extent that their respective counsel determines that such disclosure is necessary for the prosecution or defense of this litigation or the related litigation;

(d) The author of the document or Material and to anyone shown on the document or Material as having received it in the ordinary course of business; and

(e) To such other persons, including retained expert witnesses, as hereafter may be designated by written stipulation of the Parties or by further order of the Court.

9. If any papers to be filed with the Court contain Confidential Information or Confidential Attorneys' Eyes Only Information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Confidential Information or Confidential Attorneys' Eyes Only Information (if such portion is segregable) under seal. Any such application shall be directed to the Judge to whom the papers are directed. For motions, the parties should also file a redacted version of the motion and supporting papers. Nothing contained herein shall alter or limit the provisions of Central District of California Local Rule 79-5.1, to which the parties are obligated to comply.

10. Any party to this Protective Order has the right to challenge another party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to this Protective Order by taking appropriate action pursuant to Central District of California Local Rule 37-1 and 37-2. This

Protective Order shall not be construed as a waiver of either party's right to challenge the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation of a producing party as to information that is not entitled to protection as confidential information under state or federal law.  Pending a resolution of the disputed designation, Materials designated as "CONFIDENTIAL" will be treated in accordance with Paragraphs 6 and 9, and Materials designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" will be treated in accordance with Paragraphs 8 and 9, until one of the following occurs:

  (a) the party who claims that the Material is Confidential Information or Confidential Attorneys' Eyes Only Information withdraws such designation in writing or publicly discloses the Material by filing it with the Court without seeking an order to file such under seal; or

  (b) the Court rules that the Material is not Confidential Information or Confidential Attorneys' Eyes Only Information.

 11. Subject to the provisions of the Federal Rules of Civil Procedure, nothing in this Protective Order shall in any way limit the uses that the Parties may make of their own Confidential Information or Confidential Attorneys' Eyes Only Information. To the extent a Designating Party elects to publicly disclose Confidential Information or Confidential Attorneys' Eyes Only Information in a court filing (by not filing such under seal), all other parties may do likewise unless the Designating Party previously advises that the disclosure was inadvertent.

 12. Within sixty (60) days of the conclusion of all proceedings, each party shall destroy all Material designated Confidential and/or Confidential Attorneys' Eyes Only or return such Material to the party on whose behalf such Material was produced.

 13. This Protective Order shall continue to be binding throughout this litigation and after its conclusion.  A settlement or final judgment in this action shall not relieve any person to whom Confidential Information or Confidential Attorneys'

6
**PROTECTIVE ORDER**
Order.DOC

Eyes Only Information has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein.

14. Nothing herein shall operate as a waiver of the right of any person to object on any ground to the admissibility of any Confidential Information or Confidential Attorneys' Eyes Only Information in connection with any motions or trial. Nothing herein shall prevent a witness from reviewing a transcript of his or her deposition testimony and any exhibits thereto, in accordance with the Federal Rules of Civil Procedure, or any stipulation placed on the record by counsel.

15. By entering into this Protective Order, the Parties do not waive any right(s) to assert the attorney client privilege, work product doctrine, financial privacy or any other objection that could be raised in response to any request to produce documents, interrogatory and/or deposition examination.

16. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, or Confidential Information or Confidential Attorneys' Eyes Only Information as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product Materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, the receiving party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the designating party. In addition, once notified of the production of inadvertent privileged information, the receiving party shall, if such Material has previously been disclosed to others by the receiving party, take reasonable steps to obtain all such previously disclosed Material and advise such persons of the claims of privilege.

17. Agreeing to produce or receive Confidential Material designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," or otherwise complying with the terms of this Protective Order shall not:

  (a) Operate as an admission by any party that any Confidential Information and/or Confidential Attorneys' Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

  (b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Confidential Attorneys' Eyes Only Information;

  (c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

  (d) Prejudice in any way the rights of any party to seek a determination by the Court whether any Confidential Information or Confidential Attorneys' Eyes Only Information should be subject to the terms of this Protective Order;

  (e) Prejudice in any way the rights of any party to petition the Court for a further protective order, or modification or amendment of this order, relating to any purportedly Confidential Information or Confidential Attorneys' Eyes Only Information;

  (f) Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Confidential Attorneys' Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

  (g) Prevent any designating party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular

8
**PROTECTIVE ORDER**
Order.DOC

| | |
|---|---|
| 1 | Confidential Information or Confidential Attorneys' Eyes Only Information. Provided, |
| 2 | however, that no modification of this Protective Order by the parties shall have the |
| 3 | force or effect of a court order unless the Court approves the modification. |
| 4 |     18.    Nothing in this Order shall be construed as authorizing a party to disobey |
| 5 | a lawful subpoena issued in another action. |
| 6 |     19.    Any violation of the terms of this Protective Order may be punishable by |
| 7 | money damages, sanctions, contempt of court citation, or such other or additional relief |
| 8 | as the Court deems appropriate. The foregoing remedies are in addition to any other |
| 9 | common law or statutory relief that may be available for violation of the terms of this |
| 10 | Protective Order. |
| 11 |     20.    The Court retains jurisdiction subsequent to settlement or entry of |
| 12 | judgment to enforce the terms of this Protective Order. |
| 13 | IT IS SO ORDERED |

DATED: May 19, 2011

*[Signature]*

Hon. Robert N. Block
United States Magistrate Judge